**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

APEX COMMERCIAL CAPITAL CORP,

     **Plaintiff,**

**v.**                                           **3:24-cv-00313-MPM-RP**

**MILLS UTILITY CONSTRUCTION OF MS,**
**INC., and FELIX T. MILLS,**

     **Defendants.**

## ORDER

Plaintiff Apex Commercial Capital Corp. has filed a motion to enforce judgment and for writ of garnishment, as part of efforts to collect upon a final consent judgment entered by this court on November 5, 2025. These motions are part of what seems to be a growing trend in this district, whereby plaintiffs, having obtained a judgment, seek to have this court and/or the U.S. Marshal's Service involve themselves in the "nitty gritty" of collecting upon those judgments. However, this court's role in civil cases has traditionally ended once it enters a judgment, and it cannot recall having ever been asked, until fairly recently, to even involve itself in the specifics of collecting upon judgments. This court can readily understand why judgment creditors would like for it, and U.S. Marshals to, in effect, serve as taxpayer-funded collection agents, and thereby save them from having to pay private collection agents. This court frankly believes, however, that U.S. District Judges and U.S. Marshals each have better uses of their time, and taxpayer dollars, than to involve themselves in matters such as chasing down and seizing a judgment debtor's flatbed trailer or in seeking to garnish his wages or bank accounts (as plaintiff requests here).

In light of the foregoing, this court is disinclined to involve itself in these matters, and it would only consider doing so if a judgment creditor were to support its motion with authority suggesting that this court is required by law to do so. However, a common feature of these motions to enforce judgment is that they tend to be completely unsupported by legal authorities, and that is certainly true for the present motions. This court is therefore unpersuaded that it should involve itself in these matters, and plaintiff's motion to enforce judgment and for writ of garnishment are denied.

This, the 2nd day of June, 2026.

/s/ Michael P. Mills
U.S. District Court Judge